how404 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00404-CV

Charles Ben Howell, Appellant

v.

Oscar Mauzy and Anne Mauzy, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. 406,958, HONORABLE PETER M. LOWRY, JUDGE PRESIDING

PER CURIAM

 This is yet another attempt by appellant Howell to bring an appeal from trial court cause
number 406,958. That underlying cause was an action by Howell against Mauzy for alleged violations of
financial reporting requirements under the election code concerning the race for the Texas Supreme Court
between the two. Following a final judgment in the trial court, Howell appealed to this Court. On
September 14, 1994, in our cause number 3-93-084-CV, this Court affirmed in part and reversed in part
the earlier trial court judgment. Upon the issuance of our mandate there existed some confusion specifically
about the monetary amount of the attorneys' fees awarded Mauzy pursuant to the affirmed portion of the
trial court judgment. For clarification purposes, the trial court under the same cause number 406,958 on
July 6, 1995, rendered its Final Judgment Pursuant to Mandate. Appellant Howell attempted an appeal
from this judgment well after the appellate deadlines. On May 22, 1996, this Court in cause number 3-96-00158-CV dismissed Howell's appeal for lack of jurisdiction. Howell v. Mauzy, et. al., No. 3-96-00158-CV (Tex. App.--Austin May 22, 1996, writ requested) (not designated for publication).

 Following our dismissal, Howell has apparently filed once again under the same trial court
cause number a motion to expunge the Final Judgment Pursuant to Mandate alleging it to be a void
judgment. The trial court declined to expunge the judgment. Howell now attempts to appeal from the
order of denial. Mauzy files a motion to dismiss and moves for imposition of sanctions for frivolous appeal. 
 

 As a general rule, judgments must be final to be appealable. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.012 (West 1986); North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895
(Tex. 1966). The final-judgment rule is jurisdictional, and an appellate court must dismiss an appeal if it
appears that the judgment appealed from is not final. See New York Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 679 (Tex. 1990). Because an order denying a motion to expunge is not an appealable
order, we grant Mauzy's motion and dismiss the appeal. We also dismiss all of Howell's motions currently
pending under this cause number. Although we are not inclined to impose sanctions at this time, we reserve
the right to revisit the issue.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed on Appellees' Motion

Filed: September 25, 1996

Do Not Publish