NO. 07-04-0420-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 24, 2005



______________________________



TAUNTON CORPORATION D/B/A MIDNIGHT RODEO, APPELLANT



V.



MARY PHILLIPS, INDIVIDUALLY AND AS NEXT FRIEND OF


TYLER PHILLIPS, A MINOR, APPELLEE


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-522,239; HONORABLE MACKEY K. HANCOCK, JUDGE


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Taunton Corporation, d/b/a Midnight Rodeo, appellant, appeals the Order denying
appellant's Motion to Set Aside Default Judgment/Motion for New Trial signed on July 2,
2004, and the Default Judgment signed on March 3, 2004. We will dismiss the appeal.

 We are obligated to determine, sua sponte, issues affecting our jurisdiction over an
appeal. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). 
Subject to limited exceptions not applicable here, our appellate jurisdiction is limited to
review of final orders and judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). To be final and appealable, a judgment must dispose of all issues and parties
in the case. Id. The record shows appellee filed suit against appellant and Clear Channel
Broadcasting, Inc. d/b/a KQRB 99.5 The Bear. The judgment appellant seeks to challenge
in this appeal recites it "is final, disposes of all claims against Defendant, Tauton [sic],
Corporation, d/b/a/ Midnight Rodeo and is not appealable." The judgment made no
disposition of appellee's claims against Clear Channel Broadcasting and the record does
not contain an order severing the claims against either defendant. The order denying
appellant's Motion to Set Aside Default Judgment/Motion for New Trial makes no
disposition of the claims against Clear Channel Broadcasting. This record fails to show
either of the trial court actions appellant seeks to challenge in this appeal is final and
appealable.

 Additionally, appellant's brief was due no later than February 25, 2005. By letter
dated March 3, 2005, we notified appellant that the due date for the brief had passed, that
the brief had not been filed and no motion for extension of time to file had been received
by the court. Citing Texas Rule of Appellate Procedure 38.8, the letter also notified
appellant that the appeal would be subject to dismissal unless a response reasonably
explaining its failure to file a brief, together with a showing that the appellee has not been
significantly injured by the failure, was submitted by March 14, 2005. Appellant has not
filed such a response, nor has it since submitted a brief or a motion for extension of time. 


 Accordingly, we dismiss the appeal for want of jurisdiction and want of prosecution.
Tex. R. App. P. 38.8(a)(1); 42.3(a),(b).


 James T. Campbell

 Justice







" Name="toc 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0513-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            JANUARY
28, 2011

                                            ______________________________

 

                                                                 AUNG
AUNG,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 

                         NO.
122,374; HON. W.F. CORKY ROBERTS, PRESIDING

                                           _______________________________

 

                                                             Order
of Dismissal

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Aung Aung, appellant, attempts
to appeal his conviction for two counts of evading arrest and making a
terroristic threat.  The court imposed
sentence on July 29, 2010, and a motion for new trial was timely filed.  His notice of appeal was filed on December
17, 2010.  We dismiss for want of
jurisdiction.








To be timely, a notice of appeal must be filed
within thirty days after the sentence is imposed or suspended in open court or
within ninety days after that date if a motion for new trial is filed.  Tex. R. App. P. 26.2(a).  Therefore, the notice of appeal was due on
October 27, 2010.  

A timely filed notice of appeal is essential to
invoke our appellate jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action
other than to dismiss the proceeding.  Id. at 523. 
Appellant's notice being untimely filed, we have no jurisdiction over
the matter and dismiss the appeal.

Accordingly, appellant=s
appeal is dismissed.[1]

 

Brian
Quinn 

       Chief Justice 

 

 

 

Do not publish.











[1]The appropriate vehicle for seeking
an out‑of‑time appeal from a final felony
conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).