NUMBER
13-04-452-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

S. MURTHY BADIGA,
M.D.,                                                             Appellant,

                                                             v.

MARICRUZ LOPEZ,                                                                           Appellee.

 

 

                     On appeal from the 93rd
District Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

            








This is an interlocutory appeal by appellant, S.
Murthy Badiga, M.D., asserting that the trial court erred by failing to dismiss
a medical malpractice suit after an expert report was untimely filed by
appellee, Maricruz Lopez, in violation of Section 74.351 of the Texas Civil
Practice and Remedies Code.  We dismiss
this appeal for want of jurisdiction.

I.  Applicable
Law

A defendant physician or health care provider must
be served with an expert report by the 120th day after a health care liability
claim is filed.  Tex. Civ. Prac. & Rem. Code Ann. _ 74.351(a) (Vernon 2004).  If the plaintiff fails to do so, the
defendant may move to dismiss the case with prejudice, and reasonable fees and
costs will be awarded to the defendant. Id. _ 74.351(b). 
The trial court=s denial of this relief may be subject to
interlocutory appeal by the defendant.  Id. _ 51.014(a)(9).

However, a one-time 30-day extension, which begins
to toll when granted, may be granted by the trial court in order to cure
deficiencies if the expert report has not been served due to those
deficiencies.  Id. _ 74.351(c). 
An interlocutory appeal may not be taken from an order
granting an extension under Section 74.351(b).  See id. _ 51.014(a)(9).

II.  Analysis

Before we reach the merits of this case, we must
first consider the matter of our own jurisdiction.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993); N.Y.
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per
curiam).  

Appellant asserts an issue not within the
jurisdiction of this Court.  Although
appellant maintains that this interlocutory appeal is based on the 120-day
filing requirement under section 74.351(b), the brief=s arguments revolve solely around the
legality of the trial court=s granting of the 30-day extension under
74.351(c).  In other words, the substance
of the appeal is directed at the legality of the 30-day extension.








Any relief that appellant could obtain
from section 74.351(b) would turn upon appellee=s failure to produce a sufficient report within the required
120-day time period.  However, this time
period was extended 30 days by the trial court pursuant to section
74.351(c).  Appellant acknowledges that
an expert report was served on June 8, 2004, well within the 30-day extension
allowed by law and granted by the trial court. 
Further, appellant specifically states that the sufficiency of the
expert report is not in question in this appeal.  Since the sufficiency of the report is not an
issue, this Court is left only to consider the issue of the legality of the
30-day extension provided by the trial court.

Section 51.014 of the civil practice and
remedies code is to be strictly construed as a narrow exception to the general
rule that only final judgments or orders are appealable.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 355 (Tex. 2001); see Tex.
Civ. Prac. & Rem. Code Ann. _ 51.014. 
Unless authorized by statute, we do not have jurisdiction over
interlocutory appeals and must dismiss.  Bally
Total Fitness, 53 S.W.3d at 352; Qwest Communications. Corp. v. AT&T
Corp., 24 S.W.3d 334, 336 (Tex. 2000). 
The language of section 51.014(a)(9) excludes the possibility of an
interlocutory appeal regarding the 30-day extensions granted under section
74.351(c), and thus does not create the exceptional  jurisdiction necessary for this Court to hear
appellant=s claim. 
See Tex. Civ. Prac. &
Rem. Code Ann. _ 51.014 (a)(9).

Accordingly, we overrule appellant=s single issue.

III.
Conclusion

We dismiss this
interlocutory appeal for want of jurisdiction.

 

 

 

                                           

Rogelio
Valdez,

Chief
Justice

 

 

Memorandum Opinion delivered and filed

this 7th day of July, 2005.