NO. 07-05-0329-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 16, 2007

_____

PATTON CHILDREN'S TRUST AND GERALD ULMER, APPELLANTS

V.

BILLIE HAMLIN, ELMER CRISWELL, BRUCE SISK, TONY SOTO, JR.,

STEVE STEFEE, AND GABRIEL RODRIGUEZ, APPELLEES

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A32568-301; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is an appeal brought by the Patton Children's Trust (Trust) and Gerald Ulmer

(Ulmer) from a default judgment granted in favor of Billie Hamlin, Elmer Criswell, Bruce

Sisk, Tony Soto, Jr., Steve Stefee, and Gabriel Rodriguez (Appellees) in a declaratory

judgment proceeding originally filed by Appellees. By letter dated January 5, 2007, this Court directed the Trust and Ulmer to show cause why this appeal should not be dismissed for want of jurisdiction. For the reasons that follow, we dismiss this appeal. Tex. R. App. P. 42.3(a).

## Factual Background

This case concerns the respective rights of the parties to a 44 acre tract of land in Hale County, Texas (hereinafter "the property"). Appellees are the owners of land adjacent to the property. The property consists of railroad property formerly owned by the Floydada & Plainview Railroad Company (F&PRR). When F&PRR failed to pay taxes on the property, Ulmer negotiated with F&PRR to pay the taxes in exchange for a deed to the property. In 2002, F&PRR executed a special warranty deed purporting to transfer the property to the Patton Children's Trust. For reasons that are not explained in the record, nor relevant to this decision, that deed was predated to November 1, 1995, and named Scott Say as Trustee of the Trust. The deed was recorded on August 13, 2002, at Vol. 988, Img. 3432 of the Official Public Records of Hale County, Texas. The Trust claims title to the property by virtue of that deed.

On January 13, 2003, Appellees brought this suit seeking a declaratory judgment that the deed was invalid and that Ulmer and the Trust had no justiciable interest in the property. Appellees further sought injunctive relief against Ulmer seeking to enjoin him or representatives of the Trust from exercising any dominion and control over the property.

2

Appellees served Ulmer in his individual capacity and Say in his capacity as Trustee of the Trust. On January 28, 2003, Jeffrey H. Conner filed a response on behalf of Ulmer, and Say filed a *pro se* general denial contending he was not the Trustee of the Trust. On March 14, 2003, the trial court entered a temporary injunction enjoining the Trust and Ulmer from commiting certain acts. Neither party sought an interlocutory appeal of that order, and the time for doing so elapsed.

Thereafter, on April 30, 2003, Conner filed an answer on behalf of the Trust. On June 29, 2005, Appellees contested that answer by filing a *Motion for Attorney to Show Authority* pursuant to Rule 12 of the Texas Rules of Civil Procedure. On August 12, 2005, the trial court struck the answer filed by Conner on behalf of the Trust. Thereafter, on August 19, 2005, the trial court entered a default judgment declaring the deed in question was invalid and the Trust had no justiciable interest in the property. The judgment also granted a permanent injunction "enjoining the Patton Family Trust its representatives, agents, employees and beneficiaries from entering or exercising dominion over the Property." The judgment does not mention Ulmer. The Trust and Ulmer now seek appellate review of this judgment.

Jurisdictional Question

At the outset, this Court is obliged to determine, *sua sponte,* issues affecting our jurisdiction over an appeal. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex. 1990). As a general rule, a judgment must be final before it can be appealed.

3

*Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex. 2001).[1] A judgment is not final for purposes of appeal unless it disposes of all parties and issues. *North E. Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966).

The judgment at issue in this case is interlocutory because it fails to dispose of the Appellees' claims against Ulmer. Even though the judgment contains a "Mother Hubbard" clause (to-wit: "All relief not expressly granted herein is denied."), the Supreme Court has stated that such language in an order or judgment issued without a full trial cannot be taken as indicating finality. *See Lehmann,* 39 S.W.3d at 203-04. The Supreme Court has further held that a judgment issued without a conventional trial is final for purposes of appeal *if and only if* it actually disposes of all claims and parties then before the Court, or it states with unmistakable clarity that it is a final judgment as to all claims and parties. *Id. at* 192-93. *See also* Tex. R. Civ. P. 306.

The trial court's order in this case was entered without a conventional trial. Because Ulmer had pleadings on file which were not struck by the trial court, a default judgment as to Ulmer would have been inappropriate. Because the order does not state with unmistakable clarity that it is a final judgment as to all parties, it is interlocutory.

In response to this Court's letter, the Trust and Ulmer argue that this Court has jurisdiction because this is an appeal of a temporary injunction as authorized by § 51.014(4)

---

[1]There are statutory exceptions permitting interlocutory appeals. *See, e.g.* Tex. Civ. Prac. & Rem. Code Ann. § 51.104 (Vernon Supp. 2006).

of the Texas Civil Practices and Remedies Code. That simply is not the case. The judgment at issue grants a permanent injunction, not a temporary injunction. Secondly, the Trust and Ulmer argue that this Court should extend its jurisdiction to encompass issues pertaining to the declaratory judgment because it has jurisdiction to address the temporary injunction. As previously stated, the Trust and Ulmer's reliance upon the temporary injunction as a basis for appeal is inapposite. Thirdly, the Trust and Ulmer ask this Court to look to the intent of the trial court and to the fact that the judgment in question addresses all the relief requested by Appellees to determine whether the judgment is final. No amount of construction of the intent of the trial court or the relief granted by the judgment in question is going to overcome the fact that the trial court could not enter a default judgment while Ulmer had pleadings on file.

Until such time as the claims against Ulmer have been disposed of by severance, dismissal, or final adjudication, this Court lacks jurisdiction. Accordingly, this appeal is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice

5