NO. 07-07-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2008
______________________________

In the Interest of R.L.M., B.M.M., C.M., J.N.M., J.A., T.T. and J.J.R.
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,950; HON. KEVIN HART, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Juaquin Martinez a/k/a Juaquin Martinez, Jr., appeals an order terminating his
parental rights to four of his children, B.M.M., C.M., J.N.M., and J.J.R. In doing so, he
challenges the legal and factual sufficiency of the evidence to support the finding that
termination of those rights is in the best interest of the children. 
          Applicable Law
          The applicable standards of review are discussed in In re J.F.C., 96 S.W.3d 256,
266-67 (Tex. 2002) and In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). We refer the parties to
those cases. 
          Next, in making our review, consideration of various indicia which have become
known as the Holley factors is useful. Those factors include 1) the desires of the children,
2) the emotional and physical needs of the children now and in the future, 3) the emotional
and physical danger to the children now and in the future, 4) the parental abilities of the
individuals seeking custody, 5) the programs available to assist those individuals to
promote the best interest of the children, 6) the plans for the children by those individuals
seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent
indicating that the existing parent/child relationship is not a proper one, and 9) any excuse
for the acts or omissions of the parent. In re P.E.W., 105 S.W.3d 771, 779-80 (Tex. App.–
Amarillo 2003, no pet.). Moreover, it is not necessary to show that each factor favors
termination, id. at 780, and the list is not exhaustive. In re C.J.F., 134 S.W.3d 343, 354
(Tex. App.–Amarillo 2003, pet. denied). There must simply be enough evidence from
which the factfinder can reasonably form a firm belief or conviction that the child’s best
interest justifies termination. In re P.E.W., 105 S.W.3d at 780.
          Application of the Law to the Record
          Before the court was the following evidence: 1) appellant had been incarcerated for
burglary of a habitation during the entire time his children had been in foster care and had
been unable to support them, 2) appellant was originally placed on probation for that
offense but had his probation revoked for multiple violations including testing positive for
cocaine on multiple occasions, drinking beer and registering above the legal limit on a
portable breath device, failing to report, failing to maintain stable employment, failing to
attend AA and complete a substance abuse assessment, failing to complete an anger
management program, and failing to complete an alcohol offender’s program, 3) prior to
having his probation revoked, appellant was placed in a community corrections facility for
one year for probation violations, 4) appellant violated his probation by drinking and using
cocaine because he didn’t think he would be sent to the penitentiary and he didn’t think
about what might happen to his children if he was sent to prison, 5) appellant had
previously been convicted of evading arrest or detention and securing documents by
deception and charged with the offense of terroristic threat, 6) appellant had used cocaine
since he was eighteen and admitted “you are not thinking” when one uses cocaine, 7)
when he was incarcerated, appellant left his children with his wife, who was unemployed,
and his father knowing that both of them had used cocaine and that during the course of
his marriage, his wife would periodically leave the home without notice and be gone for
weeks or years during which time she had children by other men and used drugs, 8)
appellant has twice been denied parole and may not be released from incarceration until
September 2009, 9) appellant had an altercation with his wife in which the police were
called and appellant admitted he kicked the door and punched the wall although he denied
hitting his wife with an object, 10) appellant’s father tested positive for cocaine when the
children were placed with him by the State, 11) appellant’s mother did not pass a home
study test for placement of the children with her, 12) appellant’s older daughter (not the
subject of this proceeding) moved in with her boyfriend at the age of fourteen or fifteen, 13)
the maternal grandmother passed a home study for placement of the children with her on
the condition that she and her boyfriend obtain counseling, and she is willing to consider
adoption, 14) two of the children expressed their desire to remain together and stay on a
long-term basis with their maternal grandmother, 15) the children were behind in school
due to their unstable lifestyle in the past but have made improvements while in foster care,
and 16) financial programs would be available to the maternal grandmother for the benefit
of the children if she adopted the children. 
          Appellant does not challenge the statutory grounds for termination found by the trial
court. Per those findings, the court determined that appellant 1) knowingly placed or
knowingly allowed the children to remain in conditions or surroundings which endangered
their physical or emotional well-being, 2) engaged in conduct or knowingly placed the
children with persons who engaged in conduct which endangered the physical or emotional
well-being of the children, and 3) knowingly engaged in criminal conduct that resulted in
his conviction of an offense and imprisonment and inability to care for the children for not
less than two years from the date of filing the petition by the State. Evidence supporting
the existence of those statutory grounds may be used to support a finding that the best
interest of the children warrants termination of the parent/child relationship. In re C.H., 89
S.W.3d at 28; In re P.E.W., 105 S.W.3d at 771. Given the lack of a challenge to the
statutory grounds justifying termination and the evidence recited above, the trial court could
have formed a firm belief or conviction that termination of appellant’s rights was in the best
interests of the children. In re T.A.A.V., No. 07-07-0034-CV, 2007 Tex. App. Lexis 7350
at *8 (Tex. App.–Amarillo September 6, 2007, no pet.). 
          Admittedly, appellant had written letters to his children regularly while incarcerated
and completed some parenting education in prison. The children also expressed a desire
for their father’s rights not to be terminated. Yet, the court found that it was important that
the children stay together and at least have the possibility of adoption by their maternal
grandmother. Moreover, appellant had the opportunity to foster his parental relationship
with his children but opted to engage in criminal activity and other conduct detrimental to
that relationship. And, a factfinder is entitled to view past conduct as indicative of future
conduct. Williams v. Williams, 150 S.W.3d 436, 451 (Tex. App.–Austin 2004, pet. denied). 
 So upon considering the entire record, we cannot say that a rationale fact finder could not
develop a firm conviction and belief that termination of the parental relationship was in the
best interest of the children. 
          Because the evidence of record is both legally and factually sufficient to support the
court’s decision, we overrule appellant’s issue and affirm the judgment. 
 
                                                                           Brian Quinn
                                                                          Chief Justice       



Used="false" Name="Medium List 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0392-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

APRIL 11, 2011

 

______________________________

 

 

BETTY DOMINGO, APPELLANT

 

V.

 

CINDY SKIDMORE, DONNA WALKER, ESTELLA BARRON,

BRENDA MITCHELL, GINA SCHULTZ, SHARLA PIERCE, AND

LGROUP, A TEXAS GENERAL PARTNERSHIP, APPELLEES

 

 

_________________________________

 

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2006-535,854; HONORABLE LES HATCH, JUDGE

 

_______________________________

 

Before QUINN, C.J., and  HANCOCK and PIRTLE, JJ.

ORDER TO SHOW CAUSE

            Appellant,
Betty Domingo, brings this appeal contending the trial court erred by entering
judgment in favor of Appellees, Cindy Skidmore, Donna Walker, Estella Barron,
Brenda Mitchell, Gina Schultz, and Sharla Pierce, following a jury trial.  For the reasons to follow, we order Domingo
to show cause why this appeal should not be dismissed
for want of jurisdiction.

Background Facts[1]

            On January 16, 2007, in trial court
cause number 2006-535,854, the trial court signed and entered an order granting
Mitchell's motion for summary judgment as to Domingo's breach of contract cause
of action.  The same day, the trial court
signed and entered an order severing all other claims into a separate action,
with a "new cause number" on the docket of the trial court, thereby
making its January 16th summary judgment order a final and thus,
appealable order.  On May 21, 2008, we
reversed the order of the trial court and remanded Domingo's breach of contract
cause of action against Mitchell to the trial court for further proceedings.  

            Although
the clerk's record does not contain a copy of an order consolidating the
severed claims back into the underlying cause of action, the docket sheet
appearing at page 2 of the clerk's record does reflect that an order
consolidating cause number 2006-535,854 and cause number 2006-535,854-A[2]
was signed on February 6, 2009.  On
October 26, 2009, cause number 2006-535,854 was presented to a jury.  Based upon the jury's verdict, on November
20, 2009, the trial court entered a judgment that Domingo take
nothing by this suit as to Cindy Skidmore, Donna Walker, Estella Barron, Brenda
Mitchell, Gina Schultz, and Sharla Pierce. 
Domingo has appealed that judgment. 
That judgment does not, however, address Domingo's claims against the
LGroup, a Texas general partnership.  

Interlocutory Appeal

            At the outset, this
Court is obliged to determine, sua sponte, issues affecting our
jurisdiction over an appeal.  New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677,
678 (Tex. 1990).  As a general
rule, a judgment must be final before it can be appealed. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex 2001).  A judgment is not final for purposes of
appeal unless it disposes of all parties and issues.  North E. Indep.
School Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966). 


            Because
the judgment does not address Domingo's claims against the LGroup, this appeal
appears to be interlocutory. 
Accordingly, the Court directs Domingo to show cause, on or before April
26, 2011, why this appeal should not be dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a). 
  

                                                                                      Per Curiam











[1]Because the background facts of this case are
more fully set forth in the opinion of this Court entered in cause number
07-07-0038-CV, we make reference only to those facts pertinent to this
order.  

 





[2]Although
we have no indication what the pleadings were in cause number 2006-535,854-A,
we assume they were the claims previously severed out of cause number
2006-535,854 on January 16, 2007.