NO. 07-06-0468-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 3, 2008

_____

CEDRIC JONES, APPELLANT

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL., APPELLEES

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 88,649-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Cedric Jones, a Texas prison inmate appearing *pro se*, challenges the dismissal of his suit against James Beach, an employee of the unit in which appellant is incarcerated. We will dismiss the appeal.

As a general rule, our appellate jurisdiction is limited to review of final judgments. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). In the absence of statutory

provision for appeal of an interlocutory order, a judgment must dispose of all issues and parties in the case to be final and appealable. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678-79 (Tex. 1990) (per curiam), *citing North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). Our exercise of appellate jurisdiction over an interlocutory order in the absence of express statutory authorization is jurisdictional error. *New York Underwriters,* 799 S.W.2d at 679. We must, therefore, consider our jurisdiction *sua sponte.*

Jones began by suing Senior Warden Joseph K. Price, Lieutenant James R. Beach and Property Officer Gary Gifford, asserting claims arising from loss of his personal property and violations of his constitutional rights. The trial court signed an order granting a motion to dismiss the suit filed by Price and Gifford, and dismissing his claims against them. When Jones appealed that order, we dismissed the appeal because his claims against Beach had not been adjudicated. *Jones v. Gifford,* No. 07-01-0507-CV, 2002 WL 342660 (Tex.App.–Amarillo 2002, no pet.) (mem. op.). Beach later filed an answer to Jones's suit, and a motion to dismiss the claims against him as frivolous.[1] The trial court entered an order granting "Defendant Beach's Motion to Dismiss," and dismissing Jones's claims. It is from this order that Jones brings this appeal.

In the meantime, however, Jones filed his sixth amended petition, adding the Texas Department of Criminal Justice–Institutional Division as a defendant, and asserting additional claims against that agency. The record before us does not reflect that the Texas

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon 2002) (addressing frivolous claims and dismissals).

Department of Criminal Justice–Institutional Division has filed an answer or any other pleading responsive to Jones's petition.

To be final, a judgment rendered in a proceeding other than a conventional trial on the merits must actually dispose of all claims and parties or state clearly and unequivocally that it is a final judgment as to all claims and all parties. *Lehmann,* 39 S.W.3d at 205. The order from which this appeal is brought, even when coupled with the order earlier appealed, does not dispose of the claims Jones has asserted against the Texas Department of Criminal Justice–Institutional Division, nor does it state clearly and unequivocally that it is a final judgment as to all claims and all parties. Nor does the record reflect that Jones's claims against the Texas Department of Criminal Justice–Institutional Division have been severed, dismissed, or otherwise resolved.[2] Under the record before us, they remain pending and unadjudicated.

Because Jones again attempts to appeal an order that is not final and appealable, we must find we have no jurisdiction over the attempted appeal. It is therefore dismissed.

James T. Campbell
Justice

---

[2] An otherwise interlocutory order may be made final by severance, dismissal, or non-suit of unresolved claims. *See, e.g., Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex. 1995).