**Opinion issued May 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00169-CV
_____

**CARLOS L. CORREA, Appellant**

**V.**

**GREATER NORTHSIDE MANAGEMENT DISTRICT, Appellee**

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2011-06673

## MEMORANDUM OPINION

Appellant, Carlos L. Correa, attempts to appeal from the trial court's October 24, 2013 order granting appellee's motion for summary judgment. We dismiss the appeal.

Harris County, on behalf of itself and the following county-wide taxing authorities, the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, City of Houston, Houston Independent School District and the Houston Community College System (collectively, "Harris County") brought suit against Correa for recovery of delinquent taxes, penalties, interest, and attorney's fees. Appellee, Greater Northside Management District, intervened also seeking relief against Correa for delinquent taxes, penalties, interest, attorney's fees, and costs. Correa filed counterclaims against Harris County and appellee.

Subsequently, appellee filed a motion for summary judgment on its claims asserting that it was entitled to relief as a matter of law. On October 24, 2013, the trial court signed an order granting appellee's motion for summary judgment. Correa attempts to appeal this order.

Generally speaking, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at 895. A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all

2

parties." *Lehmann*, 39 S.W.3d at 192–93. "In the absence of express language indicating that the trial court intended to dispose of all claims and parties and render a final judgment, an order that adjudicates only [appellee's] claims against [Correa] and does not adjudicate [Correa's] counterclaim[s] is not final." *Saldaña v. Mata*, No. 04-14-00010-CV, 2014 WL 667612, at *1 (Tex. App.—San Antonio, Feb. 19, 2014, no pet.) (mem. op.) (citing *Lehmann*, 39 S.W.3d 192–93); *see also N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable.").

Here, the trial court's October 24, 2013 order does not mention Correa's counterclaims against appellee and appellee did not move for summary judgment on Correa's counterclaims. The order also fails to state that it is final or appealable.[1] *Cf. Sanchez*, 799 S.W.2d at 679 (summary judgment that did not dispose of counterclaim was not final and appealable).

---

[1] We note that on December 11, 2012 the trial court granted Harris County's no evidence motion for summary judgment in favor of Harris County. In its order, the trial court stated it granted "all prayers prayed for by Plaintiffs in their Motion for Summary Judgment." Unlike appellee, Harris County specifically requested in its summary judgment motion that Correa take nothing on his counterclaims against Harris County. Appellee's motion for summary judgment, however, seeks no relief in regards to Correa's counterclaims. Therefore, such claims still appear to remain pending before the trial court. Further, it also appears that no action has been taken on Correa's petition for declaratory judgment filed in the underlying trial court case.

Further, in correspondence to the Court, Correa admits that the trial court has not signed a final judgment and states that his notice of appeal filed on February 24, 2014 is merely premature. "'[T]here is nothing in Rule 27.1 or the remainder of the Rules of Appellate Procedure that indicate, and the clear implication is to the contrary, that a notice of appeal can be filed in anticipation of an appeal that may be somewhere in the indefinite future.'" *Dias v. Dias*, No. 13-11-00756-CV, 2012 WL 171913, at *2 (Tex. App.—Corpus Christi Jan. 19, 2012, no pet.) (mem. op.) (quoting *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied)); *see also* TEX. R. APP. P. 27.1 (prematurely filed notice of appeal). Texas Rule of Appellate Procedure 27.1 does not require the Court to docket and hold an appeal open until there is an appealable judgment or order at some future date. *Dias*, 2012 WL 171913, at *2.

Based on the foregoing, we conclude that the Court has no jurisdiction over this attempted appeal. After being notified that this appeal was subject to dismissal for want of jurisdiction, appellant did not adequately respond. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

4