**Raul SANCHEZ, Appellant,**

**v.**

**NEW YORK UNDERWRITERS INSURANCE COMPANY and David Sampson, Appellees.**

**No. 2–89–128–CV.**

Court of Appeals of Texas, Fort Worth.

April 25, 1990.

Rehearing Overruled May 31, 1990.

Kugle, Stewart, Dent & Frederick, and Mark S. Stewart, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller, Anne Gardner and Edward L. Wilkinson, Fort Worth, for appellees.

Before FARRIS, LATTIMORE and MEYERS, JJ.

OPINION

FARRIS, Justice.

Appellant, Raul Sanchez, appeals the trial court's granting appellees, New York Underwriters Insurance Company (NYUIC), and David Sampson, summary judgment. Sanchez was injured in the course of his employment and filed a worker's compensation claim against NYUIC with the Texas Industrial Accident Board. Thereafter, the board made an award of $203 for fifty-two weeks at total temporary disability and both parties appealed the

board's award. NYUIC discontinued disability payments to Sanchez while suit was pending. The worker's compensation case ended in a judgment for appellant based upon a jury finding that his disability was total and permanent.

In a second suit filed while the worker's compensation suit was pending, Sanchez brought action against NYUIC and Sampson, an employee of NYUIC, contending that they acted in bad faith by not continuing disability payments. NYUIC's motion for summary judgment raised only one ground that Sanchez had failed to state a cause of action because Texas courts do not recognize a duty on the part of a worker's compensation carrier to deal fairly and in good faith with the injured employee once the claim is in litigation. The trial court granted summary judgment in favor of both appellees and Sanchez brings this appeal arguing that he was owed such a duty and there were material fact issues.

We sustain Sanchez' point of error and reverse and remand to the trial court because there is a duty of good faith and fair dealing on the part of worker's compensation carriers and the summary judgment proof does not establish as a matter of law that there was no genuine issue of fact as to one or more essential elements of Sanchez' cause of action.

Both sides cite the supreme court decision in *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210, 212–13 (Tex. 1988), wherein the court held that there is a duty on the part of worker's compensation carriers to deal fairly and in good faith with injured employees in the processing of compensation claims. NYUIC and Sampson argue the duty does not extend to post-litigation proceedings. On the other hand, Sanchez contends the duty on the part of the worker's compensation carriers extends through the post-litigation phase.

As a part of its holding in *Aranda,* the supreme court disapproved of *Fidelity & Casualty Co. v. Shubert,* 646 S.W.2d 270 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). *Shubert* was a post-litigation suit between two worker's compensation carriers and an injured employee. In *Shubert* the court of

appeals held that Fidelity & Casualty Company of New York had a right to suspend payments and deny further liability under the worker's compensation law following the filing of a compensation suit. Since *Aranda* specifically disapproved of the decision in *Shubert,* it follows that *Aranda's* holding that there is a duty of good faith and fair dealing on the part of worker's compensation carriers extends through post-litigation proceedings. *See Aranda,* 748 S.W.2d at 212. Therefore, Sanchez has stated a cause of action and as NYUIC and Sampson did not negate any of the relevant facts alleged by Sanchez, summary judgment was improper. Appellant's point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.