NEW YORK UNDERWRITERS
INSURANCE COMPANY and
David Sampson, Petitioners,

v.

Raul SANCHEZ, Respondent.

No. D–0046.

Supreme Court of Texas.

Dec. 5, 1990.

---

Anne Gardner, Edward L. Wilkinson, Fort Worth, for petitioners.

Bill Bingham, Fort Worth, for respondent.

PER CURIAM.

This application presents the jurisdictional problem of an attempted appeal from an interlocutory trial court order. Because the lack of appellate jurisdiction is fundamental error, we grant the application, reverse the judgment of the court of appeals, and render judgment as the court of appeals should have, dismissing the appeal for want of jurisdiction.

Raul Sanchez brought the present action against New York Underwriters and David Sampson, the company claims agent handling his worker's compensation claim, for breach of the duty of good faith and fair dealing. Sanchez further alleged he was entitled to recover under Article 21.21 of the Insurance Code and under the Deceptive Trade Practices Act, Tex.Bus. & Com. Code Ann. §§ 17.41–.63 (Vernon 1987 & Supp.1990) (DTPA).

New York Underwriters filed a motion for summary judgment. Before the summary judgment motion was set for hearing, it also filed an amended answer and counterclaim. The counterclaim asserted that under section 17.50 of the DTPA it was entitled to defendant's attorneys' fees as to the DTPA cause of action for a groundless and bad faith claim.

The trial court rendered an "Order on Summary Judgment" granting "Defendant's Motion for Summary Judgment" and decreeing "that Plaintiff take nothing by his claims against NEW YORK UNDERWRITERS INSURANCE COMPANY and DAVID SAMPSON, and go hence without day, with costs to be taxed against Plaintiff." The judgment neither mentions nor disposes of New York Underwriter's DTPA § 17.50 counterclaim for attorneys' fees.

Sanchez filed a motion for new trial, which was heard but on which there was no express ruling. Sanchez filed an appeal bond. The court of appeals took jurisdiction of the cause as if there were a final judgment, and reversed and remanded the summary judgment. 788 S.W.2d 916. In fairness to the court of appeals, we note that the parties briefed the case as if the summary judgment were final and appealable, just as they have in this court.

In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be

final and appealable. *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). There is no presumption in a partial summary judgment proceeding that the judgment was intended to dispose of all parties and issues. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex. 1984). The summary judgment in this case did not dispose of New York Underwriters' counterclaim and was not final and appealable. The court of appeals' assumption of appellate jurisdiction over an interlocutory order when not expressly authorized to do so by statute is jurisdictional fundamental error which this court will notice and correct even though neither party asserts it. *Long v. Humble Oil & Refining Co.,* 380 S.W.2d 554 (Tex.1964); *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

Without hearing oral argument and without reference to the merits, a majority of the court grants the application for writ of error, reverses the judgment of the court of appeals, and renders judgment dismissing the appeal for want of jurisdiction. Tex.R.App.P. 170.