IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-486-CV





STATE OF TEXAS,



 APPELLANT


vs.





BETTY JEAN McHUGH,



 APPELLEE


 




FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT



NO. 4276, HONORABLE D. V. HAMMOND, JUDGE PRESIDING



 





PER CURIAM



 Appellant State of Texas seeks to appeal from an order of the district court of
Blanco County rendered in a forfeiture proceeding. See Tex. Code Crim. Proc. Ann. art 59.02
(West Supp. 1994). On June 16, 1993, the district court rendered an order for release of the
vehicle for which the State sought forfeiture to appellee Betty Jean McHugh. Because the order
is not a final order, we will dismiss the appeal for want of jurisdiction.

 In response to the State's petition for forfeiture, McHugh and Wayne Wade Wagner
requested a judgment for attorney's fees. The order of June 16th does not expressly or implicitly
dispose of the claim or include a "Mother Hubbard" clause. See New York Underwriters Ins. Co.
v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990); North E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 898 (Tex. 1966). The order, therefore, is not a final and appealable judgment. Tex.
Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); Sanchez, 799 S.W.2d at 678.

 On receipt of the transcript, the Clerk of this Court advised the State, by letter, that
the June 16th order did not appear to be final and appealable. By letter dated October 1, 1993,
the State concurred that the order was not final and appealable. The Clerk of this Court inquired,
by letter dated October 20, 1993, whether the defect was curable. See Tex. R. App. P. 58(b). 
The State answered that a hearing was necessary to resolve the issue of attorney's fees. This
Court then abated the appeal and directed the State to obtain a final judgment in the underlying
cause and to request the district clerk of Blanco County to forward the judgment to this Court in
a supplemental transcript. See Tex. R. App. P. 58(b); State v. McHugh, No. 3-93-486-CV (Tex.
App.--Austin Nov. 24, 1993, no writ h.) (not designated for publication). To date, we have not
received a supplemental transcript that shows that the district court has rendered a final judgment
in the underlying cause.

 Accordingly, we dismiss the appeal for want of jurisdiction.


Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: February 9, 1994

Do Not Publish