NO. 07-02-0452-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 5, 2003

_____

LINDA WERLEY, APPELLANT

V.

JIMMY DEAN WERLEY, JR., APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF FOARD COUNTY;

NO. 4304; HONORABLE TOM NEELY, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]


MEMORANDUM OPINION


This appeal arises from a suit filed by appellee Jimmy Dean Werley, Jr. against

appellant Linda Werley.  The suit arises from an alleged farming partnership operation

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

between Jimmy Dean Werley, now deceased, and appellee. In his suit against appellant, appellee sought a declaratory judgment that the farming partnership he alleged existed during the crop year 2000, an accounting of the profit or loss of the partnership, an order directing appellant to turn over to appellee or a court-appointed receiver the assets of the partnership, and the imposition of a constructive trust upon the assets of the alleged partnership.

On October 21, 2002, after a jury trial on the issue, an interlocutory judgment was entered finding that a partnership for the crop year 2000 as alleged by appellee existed. The judgment contained the express provision that a trial of the remaining matters in the cause was postponed pending further action by the court. It was from that judgment that appellant attempted to perfect this appeal.

Although the jurisdiction of this court to hear this appeal has not been challenged by the parties, we are obligated to determine *sua sponte* our jurisdiction to hear the appeal f*or jurisdiction i*s fundamental and cannot be ignored. *Welch v. McDougal,* 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, no pet.) (*citing New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990)). In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case to be appealable. *New York Underwriters Ins. Co.,* 799 S.W.2d at 678.

On June 24, 2003, the parties were advised that this court had no jurisdiction to consider an interlocutory appeal and it appeared we would have no recourse but to

dismiss the appeal.  Neither party has presented any reason why this attempted appeal should not be dismissed for want of jurisdiction.

Accordingly, this appeal must be, and is hereby, dismissed for want of jurisdiction.


John T. Boyd
Senior Justice