IN THE MATTER OF J.M.R., A CHILD



NO.07-03-0423-CV


 07-03-0424-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 19, 2004



______________________________




IN THE MATTER OF J.M.R., A CHILD



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY,



SITTING AS A JUVENILE COURT; NOS. 3999-J, 4050-J;



HONORABLE JAMES W. ANDERSON, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 In May of 2003, appellant J.M.R., a juvenile, was adjudged as having engaged in
delinquent conduct within the meaning of section 51.03 of the Texas Family Code and, as
a result of a separate adjudication hearing conducted the same day, was placed on
probation subject to certain terms and conditions until his 18th birthday. On June 9, 2003,
the State filed a petition alleging appellant had failed to comply with the conditions of his
probation and to modify the court's prior disposition. This was assigned cause number
3999-J. Under a separate cause number, 4050-J, the State filed a petition for adjudication. 
After hearings at which appellant was represented by appointed counsel, appellant waived
his right to trial and plead true to the allegations in the State's petitions. In cause number
4050-J the trial court found appellant engaged in delinquent conduct. In cause number
3999-J the trial court placed appellant in the custody of the Texas Youth Commission. 

 Appellant gave timely notice of his desire to appeal each order. The appeals were
previously abated and remanded to the trial court for further proceedings.

 Pursuant to the abatement and remand, the trial court held a hearing attended by
appellant, his counsel and his parents. During the hearing, appellant and his counsel
advised the trial court that he no longer desires to appeal. The record reflects that
appellant's mother submitted a letter to the trial court also stating that no appeal was
desired. Tex. Fam. Code § 56.01(f). A reporter's record of the hearing and a
supplemental clerk's record containing the trial court's findings have been filed with the
appellate clerk. 

 The appeals are dismissed. The appeals having been dismissed pursuant to
appellant's request, no motion for rehearing will be entertained and our mandate will issue
forthwith. 


 James T. Campbell

 Justice 


 

 



 not been challenged
by the parties, we are obligated to determine sua sponte our jurisdiction to hear the appeal
for jurisdiction is fundamental and cannot be ignored. Welch v. McDougal, 876 S.W.2d
218, 220 (Tex.App.--Amarillo 1994, no pet.) (citing New York Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990)). In the absence of a special statute making
an interlocutory order appealable, a judgment must dispose of all issues and parties in the
case to be appealable. New York Underwriters Ins. Co., 799 S.W.2d at 678.

 On June 24, 2003, the parties were advised that this court had no jurisdiction to
consider an interlocutory appeal and it appeared we would have no recourse but to
dismiss the appeal. Neither party has presented any reason why this attempted appeal
should not be dismissed for want of jurisdiction.

 Accordingly, this appeal must be, and is hereby, dismissed for want of jurisdiction.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).