NO. 07-04-0420-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2005

______________________________

TAUNTON CORPORATION D/B/A MIDNIGHT RODEO, APPELLANT

V.

MARY PHILLIPS, INDIVIDUALLY AND AS NEXT FRIEND OF

TYLER PHILLIPS, A MINOR, APPELLEE

_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,239; HONORABLE MACKEY K. HANCOCK, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Taunton Corporation, d/b/a Midnight Rodeo, appellant, appeals the Order denying appellant’s Motion to Set Aside Default Judgment/Motion for New Trial signed on July 2, 2004, and the Default Judgment signed on March 3, 2004.  We will dismiss the appeal.

We are obligated to determine, 
sua sponte
, issues affecting our jurisdiction over an appeal.  
New York Underwriters Ins. Co. v. Sanchez
, 799 S.W.2d 677, 678 (Tex. 1990).  Subject to limited exceptions not applicable here, our appellate jurisdiction is limited to review of final orders and judgments.  
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 195 (Tex. 2001).  To be final and appealable, a judgment must dispose of all issues and parties in the case.  
Id.
   The record shows appellee filed suit against appellant and Clear Channel Broadcasting, Inc. d/b/a KQRB 99.5 The Bear.  
The judgment appellant seeks to challenge in this appeal recites it “is final, disposes of all claims against Defendant, Tauton [sic], Corporation, d/b/a/ Midnight Rodeo and is not appealable.”  The judgment made no disposition of appellee’s claims against Clear Channel Broadcasting and the record does not contain an order severing the claims against either defendant.  The order denying appellant’s 
Motion to Set Aside Default Judgment/Motion for New Trial
 makes no disposition of the claims against Clear Channel Broadcasting.  This record fails to show either of the trial court actions appellant seeks to challenge in this appeal is final and appealable.

Additionally, appellant’s brief was due no later than February 25, 2005.  By letter dated March 3, 2005, we notified appellant that the due date for the brief had passed, that the brief had not been filed and no motion for extension of time to file had been received by the court.  Citing Texas Rule of Appellate Procedure 38.8, the letter also notified appellant that the appeal would be subject to dismissal unless a response reasonably explaining its failure to file a brief, together with a showing that the appellee has not been significantly injured by the failure, was submitted by March 14, 2005.  Appellant has not filed such a response, nor has it since submitted a brief or a motion for extension of time. 

Accordingly, we dismiss the appeal for want of jurisdiction and want of prosecution. Tex. R. App. P.  38.8(a)(1); 42.3(a),(b).

James T. Campbell

         Justice