NO. 07-07-0114-CR


 07-07-0115-CR

 07-07-0116-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 15, 2007


______________________________



THE STATE OF TEXAS, APPELLANT



V.



JEROME PAUL MARROQUIN, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 54,084-E, 54,102-E, 54,103-E; HONORABLE RICHARD DAMBOLD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 The State of Texas appeals the sentencing of appellee, Jerome Paul Marroquin. 
We abate and remand these cases to the trial court for further proceedings.

 On March 22, 2007, appellee pled guilty to evading arrest with a motor vehicle,
injury to a child, and accident involving personal injury or death. The trial court found that
the evidence substantiated appellee's guilt, accepted the plea, found him guilty, and
sentenced appellee. The trial court considered the charges of evading arrest with a motor
vehicle and injury to a child as state jail offenses and sentenced appellee to two years
confinement in a state jail facility but suspended the sentence and placed appellee on
community supervision for three years. The trial court considered the charge of accident
involving personal injury or death a third degree felony and sentenced appellee to eight
years confinement in the Institutional Division of the Texas Department of Criminal Justice
but suspended the sentence and placed appellee on community supervision for eight
years. The State filed a notice of appeal. The court reporter filed the reporter's record on
May 21, 2007. However, the district clerk requested an extension to the time to file the
clerk's record; in the motion requesting extension, the district clerk has notified this court
that appellee has not been appointed counsel on appeal.

 Consequently, we abate this appeal and remand the matter to the trial court for
further proceedings. Upon remand, the trial court shall determine, if appellee is not
represented by counsel, whether appellee is indigent and is entitled to appointed counsel. 
Should the trial court determine that appellee's circumstances warrant the appointment of
counsel, the trial court is directed to provide this court the name, address, telephone
number, and state bar number of said counsel. The trial court may hold hearings and enter
orders as the court deems necessary regarding the aforementioned issues and shall cause
its findings and conclusions and any orders entered to be included in a supplemental
clerk's record. A supplemental reporter's record of any hearing held shall be transcribed. 



Finally, the trial court shall ensure that the entire clerk's record and the supplemental
reporter's record be filed with the Clerk of this Court by Monday, July 16, 2007. 


 Per Curiam



 




Do not publish. 



ISTRICT COURT OF POTTER COUNTY;

NO. 93,924-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Michael Scott, an inmate proceeding pro se, appeals a final judgment
dismissing his suit against Appellees. The judgment was signed on April 16, 2007, and the
notice of appeal was filed on July 18, 2007. Because the notice of appeal was untimely,
we dismiss for want of jurisdiction.
          This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied),
citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). A
timely filed notice of appeal invokes this Court’s jurisdiction. See Tex. R. App. P. 25.1 &
26.1. See also Garza v. Hibernia Nat. Bank, 227, S.W.3d 233 (Tex.App.–Houston [1st
Dist.] 2007, no pet.). Except in circumstances not relevant to this appeal, the notice of
appeal must be filed within 30 days after the judgment is signed, unless any party timely
files a motion for new trial. See Tex. R. App. P. 26.1. A motion for new trial must be filed
within 30 days after the judgment is signed. See Tex. R. Civ. P. 329b.
Chronology 
          According to the clerk’s record filed on August 14, 2007, the following dates are
relevant to the determination of this Court’s jurisdiction:
April 16, 2007          Judgment is signed.
May 16, 2007          Motion for new trial is due. Notice of appeal is due, unless any party
timely files a motion for new trial.
May 18, 2007          Postmark on envelope containing motion for new trial.
May 21, 2007          Motion for new trial is filed with District Clerk.
July 16, 2007


           Notice of appeal due, if any party timely files a motion for new trial. 
July 18, 2007           Notice of appeal filed with District Clerk.
Procedural Background
          On August 1, 2007, based upon the record before this Court at that time, it
appearing as though Appellant’s notice of appeal was not timely filed, this Court directed
Appellant to show cause why his appeal should not be dismissed for want of jurisdiction
due to an untimely notice of appeal. Appellant responded, taking the position that he
timely filed a motion for new trial on May 16, 2007, pursuant to Warner v. Glass, 135
S.W.3d 681, 682 (Tex. 2004).


 Appellant opined that the time in which to file his notice of
appeal was thereby extended to ninety days after the judgment was signed. See Tex. R.
App. P. 26.1(a)(1). Assuming, arguendo, that Appellant timely filed a motion for new trial,
the notice of appeal, albeit chronologically late, could have been considered as being
timely filed if it too had been timely placed in the hands of prison authorities for mailing. 
Furthermore, again assuming a timely filed motion for new trial, the notice of appeal was
filed within the fifteen-day extension period provided by Rule 26.3 of the Texas Rules of
Appellate Procedure. Because this Court did not have before it information concerning
when Appellant may have placed either his motion for new trial or his notice of appeal with
prison authorities, and because this Court did not have a reasonable explanation for
granting a motion to extend time to file a notice of appeal, this Court abated the appeal and
remanded the cause to the trial court to utilize whatever means necessary to determine
those facts.
          On December 13, 2007, the trial court conducted a hearing to determine the fact
issues posed by this Court. All parties were notified of the hearing. The trial court made
arrangements with the Texas Department of Criminal Justice - Institutional Division to have
Appellant available by phone in the Institution’s law library. Appellant chose not to avail
himself of that opportunity. The trial court received and reviewed numerous pages of mail
log records from prison authorities which were provided by the Texas Attorney General.
Trial Court’s Findings
          Following that hearing, the trial court filed Findings of Fact and Conclusions of Law. 
In its findings, the trial court determined that Appellant has numerous suits pending in
Potter County and that the mail log entries do not indicate to which particular suit a mailing
pertains. By Finding of Fact No. 13, the trial court found that Appellant mailed an item to
the trial court clerk, Caroline Woodburn, on May 8, 2007, and by Finding of Fact No. 15,
found that the next mail log entry to Caroline Woodburn occurred on May 17, 2007. 
Finding of Fact No. 16, found: “Mr. Scott’s Motion for New Trial was untimely filed at the
earliest on May 17, 2007.” Therefore, we conclude that Appellant’s motion for new trial
was placed in the hands of prison authorities on May 17, 2007. As such, Appellant’s
motion for new trial was not timely filed. Because there was no timely filed motion for new
trial, Appellant only had thirty days from the date judgment was signed in which to file his
notice of appeal. Tex. R. App. P. 26.1. The trial court correctly concluded that Scott’s
motion for new trial and notice of appeal were both untimely.
Appellant’s Objection to Finding of Fact No. 16
          On January 7, 2008, Appellant filed an objection to Finding of Fact No. 16. 
Appellant insists that he placed the motion for mailing with prison authorities on May 16,
2007. He explains that the motion was removed by the mailroom clerk and then processed
through the mail system and not recorded until May 17, 2007. He requests a second
hearing to determine the mailroom procedure for handling of inmate legal mail. We
overrule his objection and deny his request for a second hearing.
          An inmate has the constitutional right to access the courts for the purpose of
presenting complaints. Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263
(1972). In Warner, the Court adopted an interpretation of the word “file” in the Inmate
Litigation Act


 in a manner that provides an inmate access to the courts given the “unique
problem that arises when one party is forced to rely on his opposing party to ensure
pleadings are timely filed.” 135 S.W.3d at 685. Appellant was given an opportunity to
access the courts and did not avail himself of that right. He now seeks a second bite at the
apple to which he is not entitled. Appellant was afforded the opportunity at the first hearing
to enlighten the trial court on the prison mailroom procedures, but chose not to. Having
failed to timely apprise the trial court of his position, Appellant waived any objection that
he might have to the trial court’s findings of fact.
          Accordingly, we dismiss this appeal for want of jurisdiction.


                                                                           Patrick A. Pirtle

                                                                                 Justice