NO. 07-09-0245-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 23, 2009

______________________________


DANILO BECERRA, APPELLANT

V.

CDP LEGAL ESCROW, LLC AND OASIS LEGAL FINANCE, LLC, APPELLEES

_________________________________

FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-08-003868; HONORABLE STEPHEN YELENOSKY, JUDGE

_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


ORDER ON APPELLANT’S MOTION TO EXPEDITE AND 
MOTION FOR TEMPORARY ORDERS AND ORDER 
RETURNING CASE TO THE THIRD COURT OF APPEALS 


          Pursuant to an order of the Supreme Court of Texas, dated June 29, 2009, this case
was ostensibly transferred by the Third Court of Appeals to the Seventh Court of Appeals
on July 20, 2009. See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005). Pending before this
Court is the motion of Appellant, Danilo Becerra, to expedite consideration of his motion
for temporary orders, as well as the motion itself. By the primary motion, Appellant
requests this Court “for an immediate stay of the underlying proceedings, Cause No. D-1-GN-08-003868, Becerra v. CDP Legal Escrow, LLC and Oasis Legal Finance, LLC, in the
District Court of Travis County, Texas, 200th Judicial District, including, but not limited to
a stay of the April 27, 2009 and June 5, 2009 Orders entered against Becerra to preserve
this Court’s jurisdiction and Becerra’s rights until disposition of the appeal.” Finding that
this case was improvidently transferred to this Court and that the Third Court of Appeals
retains jurisdiction in this cause, we decline ruling on the pending motions. Jurisdiction
          At the outset, every Court is obliged to determine, sua sponte, issues affecting its
jurisdiction over an appeal. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677,
678 (Tex. 1990). The filing of a notice of appeal by any party invokes the appellate court’s
jurisdiction over all parties to the trial court’s judgment or order appealed from. Tex. R.
App. P. 25.1(b). Appellant invoked the jurisdiction of the Third Court of Appeals located
in Austin by filing Plaintiff’s Notice of Interlocutory Appeal on June 17, 2009. On July 20,
2009, the Third Court of Appeals attempted to transfer jurisdiction of this case to the
Seventh Court of Appeals, purportedly in accordance with an order of the Texas Supreme
Court which provided:
Except as otherwise provided by this Order, the first 15 cases which are filed
in the Court of Appeals for the Third District, Austin, Texas, on or after June
10, 2009, are transferred to the Court of Appeals for the Seventh District,
Amarillo, Texas. 
That order further specifically provided that cases ordered transferred did not include
appeals from interlocutory orders. Because this case is an appeal from an interlocutory
order, it was not transferrable to this Court. Accordingly, we find the Third Court of Appeals
retains jurisdiction of this case and we decline ruling on the pending motions. The Clerk
of this Court shall return the filings in this case to the Third Court of Appeals. 
          It is so ordered.  
                                                                                      Per Curiam