

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00211-CV
_____

TOMMY DOMINGUEZ, APPELLANT

V.

HONORABLE WILLIAM D. SMITH, ET AL, APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 40781, Honorable Kelly G. Moore, Presiding

October 11, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Tommy Dominguez, appeals a June 19, 2013 Judgment granting the motion of appellee, the Honorable William D. Smith, to dismiss Dominguez's "Due Course of Law Complaint" for lack of subject matter jurisdiction. We will dismiss the appeal.

We are obligated to determine, *sua sponte*, issues affecting our jurisdiction over an appeal. See New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). Subject to limited exceptions not applicable here, our appellate jurisdiction

is limited to review of final orders and judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). To be final and appealable, a judgment must dispose of all issues and parties in the case. Id. The record shows that Dominguez filed suit against Judge Smith and former district attorney, Clay Ballman. The judgment Dominguez seeks to challenge in this appeal recites that "Plaintiff's cause of action be and is hereby dismissed with prejudice to the refilling of same in any form as to Defendant Smith." Consequently, by its express language, the judgment made no disposition of Dominguez's claims against Ballman and the record does not contain an order severing the claims against either defendant. As such, this record fails to show that the Judgment Dominguez seeks to challenge in this appeal is final and appealable.

By letter dated August 15, 2013, we notified appellant that our review of the record revealed that the June 19 Judgment does not dispose of Dominguez's claims against Ballman, no other judgment in the record disposes of Dominguez's claims against Ballman, and there is no severance order in the clerk's record severing Dominguez's claims. Additionally, we directed Dominguez to show cause, by August 26, 2013, how this Court has jurisdiction over this appeal or the appeal would be dismissed. After obtaining one extension of time to file the response directed by this Court, Dominguez filed, on October 1, 2013, a seven-page response that wholly failed to address the issue of the finality of the June 19 Judgment.

Concluding that there is no final and appealable judgment in the present cause, we dismiss the appeal for want of jurisdiction.[1] TEX. R. APP. P. 42.3(a); Qwest

---

[1] Because we dismiss this appeal for want of jurisdiction, all pending motions are denied as moot.

Commc'ns Corp. v. AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000) (per curiam) (the absence of a final order or statute specifically authorizing an interlocutory appeal deprives an appellate court of jurisdiction).


                                                     Mackey K. Hancock
                                                          Justice