Case No. 04-14-00483-CV

| | | |
|---|---|---|
| ROWLAND J. MARTIN | ) | TEXAS COURT OF APPEALS |
| Appellant | ) | |
| | ) | |
| v. | ) | FOR THE FOURTH DISTRICT |
| | ) | |
| EDWARD BRAVENEC AND 1216 | ) | |
| WEST AVE. INC. | ) | |
| Appellees | ) | BEXAR COUNTY, TEXAS |

## APPELLANT'S MOTION FOR REHEARING

Appellant Rowland J. Martin files this "Motion For Rehearing," to move the Court to rehear the Appellees' motion for extension of time to file a responding brief in accordance with the Court's order of February 2, 2015 stating that "in disposing of this appeal, this court will consider only those issues raised in appellant's brief that relate to the orders this court has expressly identified as the subject of this appeal."

Appellant reads the order as a conclusion of law about the interlocutory jurisdiction that the Court possesses to entertain *live* issues that are or may be presented in the parties' briefs. Based on the latter reading of the Court's jurisdiction, a genuine need exists at this time for information about ownership of the subject property at 1216 West Ave., San Antonio, Texas, in order to ascertain whether the disclosure by Appellees counsel identifying One For Autism, Inc. as the pendent lite purchaser was false at the time trial court relied upon it to issue the gag order on July 9, 2014, and whether Appellee possibly committed jurisdictional fraud on the trial court an d on this Court by failing to disclose that the subject property had already been transferred pre-hearing on July 8, 2014. See deed record attachment and Court Reporter's Hearing Transcript for July 9, 2014, at p. 11 lines 6 – 12. The facts about Torralba's ownership that Appellant seeks to elicit are also essential to his defense in that they tend to indicate that the lis pendens filing in question did not impair the ability of the contracting parties to exercise

1

whatever rights they claim they already had, and that trial court's post-stay gag order was entered on July 17, 2014 in error or by mistake. *James, et al, v. Calkins*, Case No. 01-13-0018-CV (Tex. App. – Houston [1st Dist.] August 21, 2014) (applying mootness to resolve Anti-SLAPP lis pendens dispute). *See, case exhibits in Appellant's Supplemental Appendix. See also, Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005) appealed in Super. Ct. No. CV780187 (Cal. 2005) (trial court order invalidated based on Anti-SLAPP automatic stay).

Appellant has previously stated that Attorney Glenn Deadman disclosed in conference with the undersigned Appellant on or about December 1, 2014 that the West Ave. property had been sold, and deed records corroborate the veracity of the disclosure. Since the original admission against interest, however, Attorney Deadman has made representations to the Court that are inconsistent with, and which tend to conceal, his original disclosure, by stating on January 30, 2015 that "Appellant continually files lis pendens to cloud the title of the Property prohibiting Bravenec from utilizing or selling the same." Appellee's motion dated January 30, 2015, at para. 2. Accordingly, the Court is requested upon rehearing to vacate all or part of its order of February 2, 2015, and to authorize the joinder of Torralba Properties and limited discovery by way of a request for admissions to ascertain the present ownership of the property.

Legal support for the requested relief is found in the rule that "Jurisdiction over an interlocutory order when not expressly authorized . . . by statute is jurisdictional fundamental error." *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990). Appellant respectfully submits that an expedited dismissal for mootness is probably warranted by the above referenced jurisdictional fraud and as well as by other changed circumstances that render moot the post-stay gag order entered on July 17, 2014 as a live subject for interlocutory review.

2

Appellant will be unduly prejudiced in preparing an effective reply to Appellees jurisdictional arguments, and in prosecuting his substantive immunities from suit, if he is unable to conduct limited discovery to ascertain the true state of facts from Attorney Glenn Deadman and from Torralba Properties, a real party in interest according to deed records. Careful examination will reveal that the representations that Attorney Deadman made to the Court on January 30, 2015 on behalf of the Appellees are suspect in their own right for evidentiary and jurisdictional reasons. Even taking as true the representation that Appellees made to secure an extension of time, their version of the truth would still be insufficient to overcome the absurdity of their reliance on a non-existent cause of action to enjoin future lis pendens speech. *Cf., James, Id.*

In conclusion, Appellant will use the requested discovery to show that Appellees case for tortious interference relief amounts to nothing more than an unsupported contention that they have a right to suppress lis pendens speech because they dispute the applicability of the separate transaction rule of res judicata doctrine to the controversy at bar. Contentions such as these have been rejected in analogous cases on point. *Rose v. Rothrock*, Case No. 08-3884 (E.D. Penn, 2009) *See case exhibits in Appellant's Supplemental Appendix.* Not surprisingly, they offer no case law precedent to substantiate their novel position other than an inapposite federal court judgment in Case No. 13-50070 and an inapposite probate court order in Case No. 2001-PC-1263. Both of the latter actions involve matters facially unrelated to the purchase money subject matter of the particular lis pendens speech suppressed by the gag order on July 17, 2014.

In the current state of the record, the lis pendens challenge Appellees press before this Court is readily distinguishable from cases where parties opposing a lis pendens filing have prevailed. *Wallace v. Kelley*, 2007 U.S. Dist. LEXIS 56472 (D. Neb. Aug. 1, 2007). *See case*

*exhibits in Appellant's Supplemental Appendix.* Appellees assert a lis pendens fact theory for extension of time to file an appellate brief that addressed a foreclosure transaction in 2003, and which facially departed as such from their trial court representations addressing a foreclosure transaction in 2006. Their implied request for affirmative relief is fatally flawed by the fact that it was made without the benefit of a notice of cross appeal or petition for extraordinary relief. *Jones v. Beckman,* 2007 Cal. App. LEXIS 8326 (Cal. App., 2007). *See case exhibits in Appellant's Supplemental Appendix.* Appellees reliance on ancillary federal and probate court cases is also misplaced because neither of those cases adjudicated the subject matter of the dispute presented here.

Under the circumstances, Appellant acknowledges that his Appellate Brief takes issue with Appellees' lack of constitutional and prudential standing to seek affirmative relief, and that their implied request for affirmative relief substantiates his contention that the interests in other litigation they seek to vindicate fall beyond the court's interlocutory jurisdiction. *See, James, Id.; Jones, Id., and Varian, Id.* Further, much of the prevailing law of lis pendens would be entirely meaningless if the Court accepts Appellees's unsupported legal position that a lis pendens contestant can sustain their burden of proof in an Anti-SLAPP interlocutory appeal, simply by proffering an inapposite judgment and order from ancillary proceedings that rely on a transactional theory that is separate and collateral to the transactional theory offered by the lis pendens claimant. Therefore, Appellant requests the Court to rehear the Appellees' motion, to allow joinder of Torralba Properties, and to authorize limited discovery to elicit testimony from Torralba and Attorney Glenn Deadman, and to vacate or amend its order.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court grant relief in all things, for such other relief both in law and in equity as he may be justly entitled.

4

Dated: February 12, 2015

Respectfully Submitted,

Rowland J. Martin
951 Lombrano
San Antonio, Tx 78207
(210) 323-3849

## CERTIFICATE OF SERVICE

I mailed a copy of this "Motion For Rehearing," to Appellant's Brief" to Attorney Glenn

Deadman on February 12, 2015.

Rowland J. Martin

STC GF# 1402942377

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# WARRANTY DEED WITH VENDOR'S LIEN

STATE OF TEXAS             §
                          §   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF BEXAR            §

THAT, EDWARD L. BRAVENEC, hereinafter called Grantor (whether one or more), for and in consideration of the sum of TEN AND NO/100 DOLLARS and other good and valuable considerations in hand paid by TORRALBA PROPERTIES, LLC, hereinafter called Grantee (whether. one or more), whose mailing address is:_____18507 Canoe Brook_____ _·_San Antonio, TX 78258_____, the receipt of which is hereby acknowledged, and for the further consideration of the sum of $239,200.00, to Grantor in hand paid by PROSPERITY BANK, which amount is advanced at the special instance and request of the Grantee herein, and as evidence thereof, the Grantee has executed and delivered one certain promissory note of even date herewith for the sum of TWO HUNDRED THIRTY NINE THOUSAND TWO HUNDRED AND NO/100 DOLLARS ($239,200.00), payable to the order of PROSPERITY BANK, whose mailing address is as set forth in the hereinafter mentioned Deed of Trust, bearing interest and payable as in said note provided; said note containing the usual provisions for attorney's fees and acceleration of maturity in case of default, and being secured by Vendor's Lien herein and hereby expressly retained in favor of the Grantor, on the property hereinafter described, and as further security for the payment of said note, the SUPERIOR TITLE and VENDOR'S LIEN to said property are hereby transferred and conveyed to PROSPERITY BANK without recourse against Grantor, said note being also secured by Deed of Trust of even date herewith to DAVID ZALMAN, Trustee; has GRANTED, SOLD and CONVEYED and by these presents Grantor does hereby GRANT, SELL and CONVEY unto Grantee herein, the following described real property together with all improvements thereon situated in Bexar County, Texas, described as follows, to-wit:

> Lots 1, 2 and 3, Block 50, New City Block 8806, LOS ANGELES HEIGHTS ADDITION, City of San Antonio, Bexar County, Texas, according to plat thereof recorded in Volume 105, Pages 284-286, Deed and Plat Records of Bexar County, Texas, SAVE AND EXCEPT 0.00049 of an acre, being 21.51 square feet out of Lot 1, as described by Deed to the City of San Antonio recorded in Volume 5180, Page 1873, Real Property Records of Bexar County, Texas; and

> Lots 23, 24 and 25, Block 50, New City Block 8806, LOS ANGELES HEIGHTS SUBDIVISION, City of San Antonio, Bexar County, Texas, according to plat thereof recorded in Volume 8100, Page 97, Deed and Plat Records of Bexar County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereunto in anywise belonging unto the said Grantee herein, Grantee's heirs, successors and/or assigns forever. And Grantor does hereby bind Grantor, Grantor's heirs, successors and/or assigns, TO WARRANT and FOREVER DEFEND all and singular the said premises unto the Grantee herein, Grantee's heirs, successors and/or assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Grantee assumes taxes for the current year on the property hereby conveyed.

This conveyance and the warranties of title given herein are made subject to any and all restrictions, easements, setback lines, covenants, conditions and reservations, of record affecting the property herein conveyed.

EXECUTED ON THE FOLLOWING DATE: _____JUL 0 8 2014_____

_____
EDWARD L. BRAVENEC

(ACKNOWLEDGEMENT)

STATE OF TEXAS § 
COUNTY OF BEXAR §

This instrument was ACKNOWLEDGED before me, on this the ____8____ day of _____, 20_14_, by EDWARD L. BRAVENEC.

Notary Public, State of Texas

AFTER RECORDING RETURN TO:

Torralba Properties, LLC
18507 Canoe Brook,
San Antonio, Texas 78258

PREPARED IN THE OFFICE OF:
WEST & WEST ATTORNEYS, P.C.
2929 Mossrock, Suite 204
San Antonio, Texas 78230