**Opinion issued August 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00258-CV

_____

### KAREN KRISTINE SILVIO, Appellant

### V.

### JO-LYNN BOGGAN, ADMINITRATRIX OF THE ESTATE OF SYBIL CHRISTINE SILVIO, Appellee

---

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Case No. 2016-15418

---

### MEMORANDUM OPINION

Appellant, Karen Kristine Silvio, attempts to appeal from the trial court's March 21, 2016 order granting a plea to the jurisdiction filed by appellee, Jo-Lynn Boggan, Adminitratrix of the Estate of Sybil Christine Silvio. We dismiss.

The trial court issued an "Order sustaining Defendant's Plea to Jurisdiction" on March 21, 2016. On March 22, 2016, appellant filed a notice of appeal of the trial court's order. On April 19, 2016, the trial court issued an "Order Reinstating Case" which stated that the trial court's March 21, 2016 order was vacated and set aside and that the case was "reinstated on the docket of this Court." On June 7, 2016, the Clerk of this Court issued a notice that this Court might dismiss this appeal for want of jurisdiction unless appellant filed a response within 10 days of the notice explaining how this Court had jurisdiction over this appeal. Appellant did not adequately respond to the notice.

Generally, a Texas appellate court has jurisdiction to consider only an appeal from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). However, appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2015) (statutory list of appealable interlocutory orders).

Because the trial court vacated and set aside its order granting defendant's plea to the jurisdiction, the record does not contain a final judgment or other appealable order. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Huddle.