**Opinion issued August 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00435-CV

_____

**RUCKER LAW FIRM, P.L.L.C. AND HAMILTON G. RUCKER, Appellants**

**V.**

**JAN WOODARD FOX, P.L.C., JAN WOODARD FOX, DENNIS C. REICH AND REICH & BINSTOCK, LLP, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-44662**

---

## MEMORANDUM OPINION

Appellants, the Rucker Law Firm, P.L.L.C. and Hamilton G. Rucker, appeal the trial court's May 16 and July 31, 2017 orders on summary judgment.

On October 20, 2017, appellees filed a motion to dismiss the appeal because the trial court had not ruled on their counterclaims and thus had not rendered a final

judgment. On November 7, 2017, we abated the appeal to clarify whether the summary judgment orders were final. On December 21, 2017, a supplemental clerk's record was filed stating that the case was set for trial on counterclaims and "Intervenor's claims" on April 23, 2018. On May 31, 2018, we notified appellants that we intended to dismiss the appeal for want of jurisdiction unless they could show how this Court has jurisdiction over this appeal. Appellants did not respond.

Generally, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at 895. A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93; *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable.").

Because the counterclaims and intervenor's claims have not been finally disposed of and remain pending, we agree with the appellees that the trial court has

not rendered a final judgment.  *See Palavan v. McCulley, Boulevard Realty LLC*, No. 01-14-00604-CV, 2015 WL 1544520, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, no pet.) (concluding that court lacked jurisdiction because counterclaims remained pending).

Accordingly, we grant appellees' motion and dismiss appellants' appeal for lack of jurisdiction.  We overrule any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Caughey.