**Opinion issued January 20, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00658-CV

_____

**SHAWN YOUNG, Appellant**

**V.**

**LUXURY DIRECT LIMITED COMPANY, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-89787**

---

## MEMORANDUM OPINION

Appellant, Shawn Young, attempts to appeal the trial court's June 29, 2020 order granting partial summary judgment in favor of appellee, Luxury Direct Limited Company.

On October 7, 2021, appellant filed a brief, styled *Shawn Young v. Luxury Direct Limited Company*, raising two issues: (1) the trial court abused its discretion in denying his motion to defer a ruling on summary judgment and for continuance and (2) the trial court abused its discretion not affording appellant adequate time to conduct discovery. On November 8, 2021, appellee filed a motion to strike appellant's brief because appellee contends that appellant is attempting to appeal from the trial court's June 29, 2020 order granting partial summary judgment in favor of appellee and such order is not a final judgment because counterclaims remain pending below. Appellant did not respond to appellee's motion to strike.

The clerk's record reflects that on June 28, 2020, appellant filed a first amended answer and counterclaims against appellee. On June 29, 2020, the trial court granted a partial motion for summary judgment in favor of appellee, but no ruling on appellant's counterclaims appear in the record. On December 7, 2021, we notified appellant that we intended to dismiss the appeal for want of jurisdiction unless he could show that the trial court resolved appellant's counterclaims. Appellant did not respond.

Generally, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at

895.  A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93; *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable.").

Because appellant's counterclaims have not been finally disposed of and remain pending and the trial court's order does not state that it is a final judgment as to all claims and all parties, we agree with appellee that the trial court has not rendered a final judgment in trial court cause number 2019-89787. *See Palavan v. McCulley, Boulevard Realty LLC, and TBW Dev., LLC*, No. 01-14-00604-CV, 2015 WL 1544520, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, no pet.) (concluding that court lacked jurisdiction because counterclaims remained pending).

Accordingly, we dismiss appellant's appeal for lack of jurisdiction and for failing to respond to our notice. *See* TEX. R. APP. P. 42.3(a), (c).  We overrule any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Kelly and Landau.