Opinion issued June 29, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00070-CV

## NO. 01-23-00073-CV

———————————

**KOFFEY SMITH EL-BEY, Appellant**

**V.**

**THE ESTATE OF ROBERT C. WILLIAMS, DECEASED AND PEGGY RUTH WILLIAMS AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT C. WILLIAMS, Appellees**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case Nos. 1197771 & 1197755**

---

**MEMORANDUM OPINION**

Appellant Koffey Smith El-Bey attempts to appeal from the county court's interlocutory order, signed on March 25, 2023, entitled "Order For Statement of Inability Affidavit."

Generally, a Texas appellate court has jurisdiction to hear only an appeal from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). However, appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (statutory list of appealable interlocutory orders).

Here, the county court's order denies appellant's appeal of the justice court's order sustaining the contest of his statement of inability to pay. *See* TEX. R. CIV. P. 510.9(c)(4). Such order is not a final judgment or an appealable interlocutory order, and the Texas Rules of Civil Procedure applicable to eviction suits do not otherwise provide a mechanism for appeal of such an order. *See* TEX. R. CIV. P. 500.3(e), 510.9; *Brown v. Hawkins*, No. 05-16-001427-CV, 2018 WL 1312467, at *4 (Tex. App.—Dallas Mar. 14, 2018, no pet.) (mem. op.); *Redlich v. Ranch*, No. 02-14-00390, 2015 WL 226038, at *1 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (mem. op.) (stating, "We are aware of no statute that authorizes an appeal to this

court from the county court's decision on appeal from the justice court denying [appellant's] attempt to appeal without furnishing a bond or paying a cash deposit").

On April 6, 2023, the Clerk of this Court issued a notice stating that this Court might dismiss this appeal for want of jurisdiction unless appellant filed a response, within 10 days of the notice, explaining how this Court has jurisdiction over this appeal. Appellant did not respond to the notice.[1]

Accordingly, we dismiss this appeal for want of jurisdiction and for failing to respond to this Court's notice. *See* TEX. R. APP. P. 42.3(a), (c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

---

[1] Appellant filed an untimely and deficient motion for extension to file a response on April 24, 2023. *See* TEX. R. APP. P. 10.5(b).

3