In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00208-CV
_____

**MELBA JAMES, Appellant**

V.

**ANCHOR BOATLIFTS LLC AND JASON MILLER, Appellees**

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 21-08-11463-CV

**MEMORANDUM OPINION**

Melba James appeals the trial court's Order Granting Anchor Boatlifts LLC's and Jason Miller's (collectively, "Anchor") Traditional and No-Evidence Motion for Summary Judgment and dismissing all her claims with prejudice. The Order stated that "all of Plaintiff's causes of action asserted therein against Defendants are hereby dismissed with prejudice." Anchor had a pending counterclaim for attorney's fees under the DTPA that was unresolved by the trial court's Order. We notified the parties that the Order appealed from did not appear to be appealable or constitute a

1

final judgment, and we warned the parties that the appeal would be dismissed for lack of jurisdiction unless the Court received a response showing a ground for continuing the appeal. James responded and argued the Order was final because it dismissed all her claims with prejudice, yet she did not address Anchor's pending counterclaim for attorney's fees. Anchor also responded that while the Order disposed of all James's affirmative claims, neither the Motion for Summary Judgment nor the Order addressed its counterclaim for attorney's fees under the DTPA. Anchor argued the Order was not final on its face, thus not appealable and noted that the trial court had set Anchor's remaining claims for attorneys' fees for a bench trial.

Generally, in civil cases appellate courts review only final judgments and interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Two options exist for an order to become a final judgment without a trial: it can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language expressly disposing of all claims and parties. *Id.* at 200; *see also Sealy Emergency Room, LLC v. Free Standing Emergency Room Mgrs. of Am., LLC*, 685 S.W.3d 816, 820 (Tex. 2024). "An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim[.]" *Lehmann*, 39 S.W.3d at 205. The Order at issue lacks clear and unequivocal language of finality and does

2

not address counterclaims. *See id.* at 206. The trial court has not authorized a permissive appeal in this matter, and the record does not indicate a final judgment is imminent. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) (concluding the court of appeals erred by assuming jurisdiction over an appeal when the defendant's counterclaim for attorney's fees remained pending). We conclude the Order Granting Defendants' Traditional and No-Evidence Summary Judgment is interlocutory and is not a final appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on July 12, 2023
Opinion Delivered June 20, 2024

Before Golemon, C.J., Horton, and Wright, JJ.