ACCEPTED
15-24-00003-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/17/2025 1:11 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/17/2025 1:11:49 PM
CHRISTOPHER A. PRINE
Clerk

**Ron Beal**
**Professor Emeritus & Attorney at Law**
**2530 Wooddale Circle**
**Waco, TX 76710**
**(254) 366-4198**
ron_beal@baylor.edu

15th Court of Appeals                                      January 17, 2024
P.O. Box 12547
Austin, TX 78711

       Re:    AFLOA, LLC v. TMVD
            **Cause No: 15-24-00003-CV**
            Amicus Letter Brief

Dear Honorable Justices of the 15th Court of Appeals:

I am not being compensated by anyone for the preparation, writing, or filing of this amicus letter brief.

I am solely concerned about the integrity of the Texas Administrative Law system and the fairness of administrative proceedings for our fellow Texas citizens and entities doing business in this State.

With all due respect, this Court must withdraw its opinion, address the merits of all procedural and substantive issues which are critical to administrative law and the parties, and issue a final decision based upon a clear showing of being vested with subject matter jurisdiction.

The Texas Supreme Court has clearly held, multiple times, that even if the parties to an appeal wholly fail to raise the issue of a court's subject matter jurisdiction, the court has an obligation to review it sua sponte, *M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998); *Tx. Assn. of Bus. V. Tex Air Control Bd.,* 852 S.W. 2d 440, 444-45 (Tex. 1993); *N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex. 1990).

This Court holding that there was a lack of subject matter jurisdiction in this case stated: "**Neither party** contends that the Director's Order on Rehearing resulted in only typographical, grammatical or clerical changes." (At p. 10). It is absolutely clear that such "error" by the parties **is irrelevant, and this Court had an obligatory duty to determine the subject matter jurisdiction issue on its own.**

The Supreme Court has never held there is an exception to this Judicial Duty. **This Court has Blatantly Breached that Judicial Duty!**

If this Court had interpreted the applicable statute, it is absolutely obvious that the answer is clear and unambiguous that subject matter jurisdiction exists.

In response to this Court's request as to whether the Appellant was required to file a second motion for rehearing based on the Appellee's modification of the final order within the Denial of the Motion for Rehearing, the Appellant was not legally required to do so. The Appellee held initially that the Appellant's license was revoked, and a penalty was assessed at $500,000. In the Motion for Rehearing, the Appellee held:

Accordingly, IT IS ORDERED that: 1. The Motion for Rehearing is DENIED, 2. Respondent's General Distinguishing Number, P163448, is REVOKED. 3. The penalty of $500,000 assessed in the Final Order dated August 31, 2022, is REDUCED to $50,000. 4. All other penalties assessed in the Final Order dated August 31, 2022, are AFFIRMED.

Therefore, in both orders of the Appellee, the Appellant's license was revoked, and a penalty was assessed. Appellee's acts in the orders were identical.

The APA provides in part: A subsequent motion for rehearing is not required after a state agency rules on a motion for rehearing unless the order disposing of the original motion for rehearing
**(1)** modifies corrects or reforms in any respect the decision or order that is subject of the complaint,

OTHER THAN a typographical, grammatical or other clerical change identified as such by the agency in the order, **including any modification, correction or reformation that does not change the outcome of the contested case**, *Tex. Gov't Code, Section* 2001.146(h)(1). (emphasis added).

**Required Definitions:**

"Including" means to introduce examples of things that are a part of the group of things you are talking about, *Collins Dictionary* (2025), or used for saying a thing is part of a particular group, *Cambridge Dictionary* (2025).

"Change" is defined as to make radically different, *Merrian Webster* (2025).

"Outcome" is defined as a result or effect of an action, *Cambridge Dictionary* (2025) or something that follows as a result or consequence, *Merian Webster* (2025).

Thus, it is clear that the subsequent orders of the agency which modify a final order, but do not radically affect the result or consequence of such final order are considered to be a part of the exception to filing a second motion for rehearing. Such orders are included and a part of the "other than," that are excepted.

As set forth above, the Appellee's modification of its final order is a classic example of the APA exception: the final order revoked the Appellant's license and imposed a fine whereas the modification revoked the Appellant's license and imposed a fine. As to the changes, there was absolutely no affect to the outcome.

This makes total sense for there would be nothing new to assert in a second motion for rehearing. The same legal issues remain: Do I lose my license and get fined?

**Clearly, the Legislature wanted to prevent the motion for rehearing process from becoming a "paper storm" that added nothing to the merits of the decision. This Court's opinion will cause a total waste of the time and effort of the District Court and that of the attorneys.**

This Court must withdraw its opinion in order to answer the subject matter jurisdiction issue and please to determine the validity of the order since it is void on its face and the proper scope of the substantial evidence test.

Sincerely,

<span style="text-decoration: underline;">/s/ Ron Beal</span>
Ron Beal
Attorney at Law
Bar Card No. 24005041
2530 Wooddale Circle
Waco, TX 76710
254-366-4198
ron_beal@baylor.edu

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 913 words, as determined by the computer's software's word count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on January 17, 2024, by e-file and/or electronic mail in accordance with the Texas Rules of Civil Procedure to the following:

**Appellant AFLOA**

Brandon L. Starling
Susan G. White
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705

**Appellee TDMV**

Ted A. Ross

P.O. Box 12548, Capitol Station
Austin, TX 78711-2548


Sincerely,

<u><s> Ron Beal</u>
Ron Beal
Bar Card No: 24005041

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 96358479
Filing Code Description: Letter
Filing Description: Letter
Status as of 1/17/2025 2:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brandon Starling | 24047556 | bstarling@wso-law.com | 1/17/2025 1:11:49 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 1/17/2025 1:11:49 PM | SENT |
| Ted Ross | | ted.ross@oag.texas.gov | 1/17/2025 1:11:49 PM | SENT |
| Susan White | | swhite@wso-law.com | 1/17/2025 1:11:49 PM | SENT |