**Opinion issued May 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00084-CV

————————————

## MARY IACONO, Appellant

## V.

## STANLEY BLACK & DECKER, INC. AND STANLEY ACCESS TECHNOLOGIES, LLC, Appellees

———————————————————————————————————

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Case No. 2013-29901

———————————————————————————————————

## MEMORANDUM OPINION

Appellant, Mary Iacono, attempts to appeal from the trial court's January 16, 2015 order granting appellees Stanley Black & Decker, Inc. and Stanley Access Technologies, LLC's (collectively "Stanley") motion for partial summary

judgment. Stanley has filed a motion to dismiss the appeal for lack of jurisdiction. We dismiss the appeal.

Iacono sued Omni Hotels Management Corporation and Stanley, asserting claims against Stanley for products liability, breach of warranty, negligence, and gross negligence. Omni Hotels asserted cross-claims against Stanley. On November 3, 2014, Stanley filed a motion for partial summary judgment. On January 16, 2015, the trial court granted Stanley's motion, releasing and discharging Stanley from all liability for Iacono's products liability claims "pertaining to the products manufactured by Stanley that have been pleaded or could have been pleaded against [Stanley], including [Iacono's] claims of negligence, strict products liability, breach of warranty and gross negligence." Iacono filed her notice of appeal of this order.

Stanley has filed a motion to dismiss the appeal, contending that the January 16, 2015 summary judgment order is not a final and appealable judgment because it does not resolve Iacono's claims against Omni or Omni's cross-claims against Stanley. Iacono has not responded to Stanley's motion to dismiss.

Generally, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at

2

895. A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93; *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable.").

Here, the trial court's summary judgment order does not mention Iacono's claims against Omni Hotel or its cross-claims against Stanley. *Cf. Sanchez*, 799 S.W.2d at 679 (concluding summary judgment that did not dispose of counterclaim was not final and appealable); *Penson v. Auto Care Am.*, No. 01-08-00889-CV, 2010 WL 1492338, at *2 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, no pet.) (dismissing appeal when summary judgment order did not dispose of every pending claim). The order also does not state that it is final or appealable or include any other "clear indication that the trial court intended it to dispose of the entire case." *Am. Heritage Capital, L.P. v. Gonzalez¸* 436 S.W.3d 865, 870 (Tex. App.—Dallas 2014, no pet.).

Accordingly, we conclude that the Court has no jurisdiction over this attempted appeal. We grant Stanley's motion to dismiss and dismiss the appeal.

3

*See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss as moots any other pending motions.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.