

# NUMBER 13-22-00500-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LE BIN CHEN,                                                                      Appellant,

v.

THE COUNTY OF WHARTON,
TEXAS,                                                                             Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva

Appellant, Le Bin Chen, attempted to appeal an order to cancel Sheriff's deed, vacate judgment, and reinstate cause of action in cause no. T010476. *See* TEX. TAX. CODE ANN. § 33.56. Upon review of the documents before the Court, it appears there is no final, appealable order. On October 20, 2022, and January 31, 2023, the Clerk of this

Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of each notice, the appeal would be dismissed for want of jurisdiction. Appellant responded, asserting that the trial court granted all the relief requested by Wharton County by cancelling the sheriff's deed, vacating judgment dated October 12, 2020, reinstating the tax sale cause of action, and ordering the tax assessor to reinstate taxes on the property, making the order a final, appealable order.

"[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (quoting *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001)). Here, as required by statute, the order appellant attempts to appeal reopens claims to be decided again, rather than disposing of them. *See* TEX. TAX. CODE ANN. § 33.56(f). Absent an order disposing of all issues and parties, interlocutory appeals must be authorized by statute. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990); *San Jacinto Title Servs. of Corpus Christi, LLC. v. Kingsley Props., LP*, 452 S.W.3d 343, 347 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) ("Appellate courts possess jurisdiction only over final judgments unless a statute authorizes an interlocutory appeal."). Appellant has not identified any statute that permits this interlocutory appeal. *See Sanchez*, 799 S.W.2d at 678.

2

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Accordingly, the appeal is dismissed for want of jurisdiction. *See id.* 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
23rd day of March, 2023.