Opinion issued June 20, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00236-CV

———————————

**STEPHEN MANLEY, Appellant**

**V.**

**BANK OF AMERICA, N.A., Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1183309**

---

## MEMORANDUM OPINION

Appellant Stephen Manley attempts to appeal from the county court's interlocutory order, signed on March 29, 2023, entitled "Order Granting Plaintiff's Verified Motion for Issuance of Writ of Possession."

Generally, a Texas appellate court has jurisdiction to hear only an appeal from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). However, appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (statutory list of appealable interlocutory orders). Post-judgment orders enforcing or carrying out an already-rendered judgment are not final orders and generally may not be appealed. *Henderson v. Everbank*, No. 01-17-00061-CV, 2018 WL 708539, at *1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2018, no pet.) (mem. op.).

The trial court signed a final judgment on July 12, 2022. Appellant appealed the final judgment in appellate cause number 01-22-00581-CV. The March 29, 2023 order here is an order authorizing the clerk to issue a writ of possession and is not a post-judgment enforcement order made appealable by statute. *See Henderson*, 2018 WL 708539, at *1; *LaFontaine v. Hendricks Prop. Mgmt.*, No. 04-11-44-CV, 2011 WL 1158399, at *1 (Tex. App.—San Antonio Mar. 30, 2011, no pet.) (mem. op.) (holding that writ of possession is neither final judgment nor appealable interlocutory order).

On May 23, 2023, the Clerk of this Court issued a Notice that this Court might dismiss this appeal for want of jurisdiction unless appellant filed a response within 10 days of the Notice explaining how this Court had jurisdiction over this appeal. Appellant did not respond to the Notice.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.