**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00420-CV

————————————

**LATOSHA DIGGLES, Appellant**

**V.**

**DICK LAW FIRM, PLLC, ERIC B. DICK, LINDSAY LAW FIRM, PLLC, AND TEXAS FARMERS INSURANCE COMPANY, Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-00682**

---

## MEMORANDUM OPINION

Appellant attempts to appeal the trial court's May 6, 2024 order denying her request for findings of fact and conclusions of law regarding an April 17, 2024 order dismissing her claims against one of the defendants in the underlying case.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) (citing N.E. *Indep. Sch. Dist. v. Aldridge*, 200 S.W.2d 893, 895 (Tex. 1966) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable."). The order appellant seeks to appeal is neither a final judgment nor an appealable interlocutory order. Thus, we lack jurisdiction over appellants' attempted appeal. *See In re M.G.*, No. 01–05–00426–CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) (mem. op.) ("When a party attempts to appeal a non-appealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal.") (citations omitted).

The Clerk of this Court notified appellant that the appeal was subject to dismissal for lack of jurisdiction unless a written response was provided demonstrating that this Court has jurisdiction over the appeal. Appellant failed to adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Goodman, Landau, and Countiss.