Opinion issued February 20, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00711-CV

_____

**ERIC SPRINGSTUN, Appellant**

**V.**

**THE WHARF AT CLEAR LAKE SLIP MAINTENANCE
ASSOCIATION, INC., Appellee**

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Case No. 24-CV-0102**

---

## MEMORANDUM OPINION

Appellant Eric Springstun, acting pro se, filed a "Notice of Interlocutory Appeal" seeking to challenge an interlocutory order issued on September 18, 2024 granting appellee's plea to the jurisdiction and dismissing Springstun's

counterclaims against appellee. Springstun later amended his notice of appeal to assert that the challenged order is a final judgment. We dismiss the appeal.

Appellee, The Wharf at Clear Lake Slip Maintenance Association, Inc. (the "Association), is a homeowners' association that filed suit against Springstun for unpaid assessments and other charges owed to the association. Springstun responded by filing various counterclaims against both the Association and its individual board members. The Association and its individual board members subsequently filed a plea to the jurisdiction requesting dismissal of Springstun's counterclaims. The trial court issued an order (1) granting the Association's plea to the jurisdiction and (2) dismissing Springstun's counterclaims against the Association.

The trial court's order does not include any language indicating that it is a final judgment. The order does not dismiss Springstun's counterclaims against individual board members and Springstun's filings in this appeal assert that those claims remain pending. Additionally, the Association's claims against Springstun remain pending.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in

the case . . . to be final and appealable.") (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Here, the order Springstun seeks to appeal is neither a final judgment nor an interlocutory order for which an appeal is authorized.

Springstun's "Notice of Interlocutory Appeal" filed on September 20, 2024 acknowledged that the challenged order was interlocutory but purported that the appeal was filed "pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)," which permits appeals from certain specified interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a). The interlocutory order in this case, however, is not among the types of orders for which the statute authorizes an appeal. Accordingly, the Clerk of this Court notified Springstun that the appeal was subject to dismissal for lack of jurisdiction unless a written response was provided demonstrating that this Court has jurisdiction over the appeal.

Springstun filed multiple responses to our notice. His initial responses asserted that an interlocutory appeal was authorized under various statutes, but these responses failed to demonstrate our jurisdiction because none of the statutes cited by Springstun were applicable to this case. Springstun subsequently filed amended responses claiming that, despite his prior acknowledgement that he was seeking an interlocutory appeal, the order dismissing his counterclaims is "a final judgment concerning those claims." Around the same time, Springstun filed an amended

3

notice of appeal similarly asserting that "[t]he dismissal with prejudice constitutes a final judgment as to all of Appellant's counterclaims against the [Association]."

Springstun's responses and amended notice of appeal fail to demonstrate our jurisdiction over this attempted appeal. An order is not final merely because it disposes of certain claims, the order must dispose of all claims and parties. *See N.Y. Underwriters Ins. Co.*, 799 S.W.2d at 679–80. Here, the record demonstrates that the order is interlocutory because the Association's claims are still pending against Springstun and other counterclaims filed by Springstun are still pending against other parties. Moreover, the order does not include any language suggesting that it is a final judgment. Because the order is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over this attempted appeal. *See In re M.G.*, No. 01–05–00426–CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) (mem. op.) ("When a party attempts to appeal a non-appealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal.") (citations omitted).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

4