**Opinion issued February 3, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-01003-CV

————————————

**VENISHA ARNOLD, Appellant**

**V.**

**GOOGLE LLC, YOUTUBE LLC, ALPHABET, INC, REDDIT, INC, FELIXLIGHTNER-REDDIT THREAD STARTER, RECHLIN-REDDIT ADMIN, BOSHAUS-REDDIT ADMIN, MUNX1ER-REDDIT ADMIN, SWHITT-REDDIT ADMIN, AND TEXLEX-REDDIT ADMIN., Appellees**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-52549**

---

## MEMORANDUM OPINION

Appellant, Venisha Arnold, filed a notice of appeal on December 1, 2025 attempting to appeal the trial court's November 26, 2025 order granting a motion to dismiss filed by Reddit, Inc.—one of multiple defendants named in the underlying

suit—pursuant to Section 27.010(a)(3) of the Texas Civil Practice and Remedies Code. We dismiss the appeal for lack of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable.").

Here, the November 26, 2025 order is interlocutory because (1) the order makes clear that the trial court must still rule on Reddit's related request for attorney's fees, costs, and sanctions, and (2) appellant named other parties as defendants in the underlying suit. Although Section 51.014(a)(12) grants a right to interlocutory appeal from an order ***denying*** a motion to dismiss filed under Section 27.003, no statutory authority authorizes an interlocutory appeal from an order ***granting*** a motion to dismiss under Section 27.003. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (authorizing appeal from interlocutory order that "denies a motion to dismiss filed under Section 27.003"); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that no statutory authority provides for interlocutory appeal from grant of motion to dismiss under § 27.003); *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485

S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("No statutory authority exists, however, for an interlocutory appeal from the grant of a motion to dismiss under section 27.003 of the TCPA."). Thus, our Court lacks jurisdiction to consider an interlocutory appeal of an order granting a motion to dismiss under Section 27.003. *See Fell Clutch, LLC v. Cherokee Black Entm't Inc*., No. 14-19-00577-CV, 2020 WL 372978, at *2 (Tex. App.—Houston [14th Dist.] Jan. 23, 2020, no pet.).

On December 23, 2025, the Clerk of this Court notified appellant that this appeal was subject to dismissal for lack of jurisdiction unless appellant filed a written response within 10 days of the notice demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of appeal after notice). Appellant failed to adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.